IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**JIMMY DAVIS**                                                                                     **PLAINTIFF**

**VS**                                        **CIVIL ACTION NO. 5:20-cv-150-DCB-MTP**

**WARDEN CRAIG COIL**                                                   **DEFENDANT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court *sua sponte* upon *pro se* prisoner Plaintiff's failure to comply with the Court's orders. Having considered the record and the applicable law, the undersigned recommends that this action be dismissed without prejudice and that the Motions for Summary Judgment [16] [17] [30] be denied.

Plaintiff filed his Complaint [1] on July 6, 2020, alleging that his constitutional rights were violated when Defendant assaulted him. He moved to proceed in the case *in forma pauperis,* and the Court granted him leave to do so. *See* Order [9]. However, Plaintiff's right to proceed *in forma pauperis* is now in question.

The Prison Litigation Reform Act places limits on a prisoner's privilege to file suits *in forma pauperis*. In pertinent part, 28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on [three] or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Court records indicate that Plaintiff has already accumulated more than three strikes under 28 U.S.C. § 1915. The United States District Court for the Northern District of Mississippi dismissed *Davis v. Mississippi State Penitentiary*, 4:04CV172-P-A (N.D. Miss. Sept. 13, 2004) for failure to state a claim upon which relief can be granted. *Davis v. Hall*, 4:05CV161-P-B

1

(N.D. Miss. Dec. 29, 2005) was dismissed by the Northern District of Mississippi for failure to state a claim upon which relief can be granted. The Northern District also dismissed *Davis v. Latham*, 4:06CV86-P-A (N.D. Miss. Aug. 1, 2006) when Plaintiff forged a signature on the form he submitted to proceed *in forma pauperis*. Plaintiff has also received a strike in this district and was recently denied the right to proceed *in forma pauperis* in the Northern District. *See Davis v. Gambrell et al*, 4:09cv54-FKB, (S.D. Miss. Aug. 20, 2012); *see also Davis v. Cane*, 3:20CV188-GHD-RP, (N.D. Miss. Jul. 28, 2020) (denying plaintiff's motion to proceed *in forma pauperis* based on his accumulation of three strikes previously). According to an order entered last year by Judge Glen H. Davidson in the United States District Court for the Northern District of Mississippi in the *Cane* matter, "Mr. Davis has accumulated at least *eight* strikes total in this court. He is well aware of the requirements for filing prisoner cases." *See Cane*, 3:20CV188-GHD-RP, n.1 (N.D. Miss. Jul. 28, 2020) (order denying motion for leave to proceed *in forma pauperis*). Thus, Plaintiff appears to have accumulated more than three strikes and has abused his *in forma pauperis* privileges.

A prisoner may still proceed *in forma pauperis* if he can show that he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). The imminent danger exception has been interpreted by the Fifth Circuit to mean "that a prisoner with three strikes is entitled to proceed with his action or appeal only if he is in imminent danger at the time that he seeks to file his suit in district court or seeks to proceed with his appeal or files a motion to proceed IFP." *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). Claims of past harm do not qualify for the exception. *See Newman v. Harris*, 770 F. App'x 216, 217 (5th Cir. 2019) (holding that allegations of past physical harm are not sufficient to overcome the bar created by §1915(g)). The complaint in this case does not qualify for the "imminent danger" exception. Plaintiff's

claim arises out of an alleged incident that occurred on March 21, 2020, and the sole Defendant is no longer employed at the facility where Plaintiff is detained.[1] *See* [1] at 4; *see also* [18].

On March 18, 2021, the Court ordered Plaintiff to show cause why he should not be required to pay the filing fee and why his case should not be dismissed. *See* Show Cause Order [25]. His response was due on or before April 8, 2021. *Id*. Plaintiff did not file a response.

On April 21, 2021, the Court again ordered Plaintiff to show cause why his *in forma pauperis* status should not be revoked. *See* Final Show Cause Order [28]. In response, Plaintiff filed the following: "I'm intitled [sic] for my 1st and 14th Amend rights under the US Constitution, to be bought [sic] for a hearing in this case and matter my above rights[.]" *See* [29]. He did not address the strikes that have been imposed against him.

In addition, the sole defendant in this action has not been served. As discussed above, Defendant Warden Craig Coil is no longer employed at Wilkinson County Correctional Facility where the alleged incident occurred. The previous employer Management & Training Corporation provided his last known address, but the summons was returned unexecuted stating that Defendant has moved from the area. *See* [21]. Plaintiff was ordered to provide an address for service on February 18, 2021. *See* Order [22]. As with prior orders, Plaintiff was warned that failure to provide an address for Defendant may result in dismissal. *Id*.

On March 2, 2021, Plaintiff filed his Response [23] arguing that Defendant's previous employer should be directed to search his job application for potential contacts and that a warrant should be issued for Defendant. While plaintiffs proceeding *pro se* may rely on the U.S. Marshals for service, plaintiffs are still required to remedy service defects and effectuate service.

---

[1] Plaintiff filed a Change of Address [27] with the Court indicating that he has been transferred to East Mississippi Correctional Facility.

3

*See Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987) ("While… incarcerated plaintiffs proceeding *in forma pauperis* may rely on service by the U.S. Marshals, a plaintiff may not remain silent and do nothing to effectuate such service. At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which a plaintiff has knowledge."). To date, Plaintiff has not provided an address for the Court to serve process on Defendant and the last known address for him as provided by his former employer is no longer valid.

On May 17, 2021, Plaintiff filed a Motion for Summary Judgment [30]. Two other Motions for Summary Judgment [16] [17] filed by Plaintiff are pending in this action even though the Defendant has not been served or appeared. As detailed above, while Plaintiff has responded to some of the Court's orders, he has not provided the Court with the pertinent information it needs in order to move this case forward. Instead, Plaintiff has elected to file motions for summary judgment and otherwise ignore the Court's directives.

Pursuant to Federal Rule of Civil Procedure 41(b), a trial court has discretionary authority to dismiss an action *sua sponte* for the plaintiff's failure to prosecute or comply with any order of the court. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). The power of the courts "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to . . . clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 629-31; *see also Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (discussing trial court's Rule 41(b) discretionary authority).

Plaintiff has failed to abide by the orders of this Court, has not shown why his *in forma pauperis* status should not be revoked, and has not perfected service or provided an address where Defendant can be served. This case exemplifies the type of dilatoriness and inaction that warrants Rule 41(b) dismissal.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Plaintiff's Complaint [1] be DISMISSED WITHOUT PREJUDICE for failure to comply with the Court's orders pursuant to Federal Rule of Civil Procedure 41(b). The Motions for Summary Judgment [16] [17] [30] should likewise be denied without prejudice as premature.

## RIGHT TO OBJECT

In accordance with the rule and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the district judge, the magistrate judge and the opposing party. The district judge at the time may accept, reject, or modify in whole or in part, the recommendations of the magistrate judge, or may receive further evidence, or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed finding, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 20th day of May, 2021.

s/Michael T. Parker<br>UNITED STATES MAGISTRATE JUDGE