IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JIMMY DAVIS                                                   PLAINTIFF

v.                         CIVIL ACTION NO. 5:20-cv-150-DCB-MTP

WARDEN CRAIG COIL                                            DEFENDANT

ORDER

This matter is before the Court on Magistrate Judge Michael T. Parker's Report and Recommendation [ECF No. 31], to which the pro se plaintiff, Jimmy Davis ("Plaintiff"), objected. [ECF No. 32]. Also before the Court are three Motions for Summary Judgment {ECF Nos. 16, 17 & 30] that were filed by Plaintiff. Having carefully reviewed the Report and Recommendation, the Motions for Summary Judgment, other filings in this matter, and applicable law, the Court finds as follows:

In reviewing the docket and pleadings in this matter, the Court initially notes that the sole defendant in this action has not been served and has not made an appearance. Plaintiff filed his unsigned Complaint [ECF No. 1] on July 6, 2020. Because the unsigned pleading violated Federal Rule of Civil Procedure 11, the Magistrate Judge ordered Plaintiff to sign the Complaint. [ECF No. 10]. Plaintiff signed and filed his signature page to

1

the Complaint on November 12, 2010, more than four (4) months after his initial filing.  Under Federal Rule of Civil Procedure 4(m),[1] a plaintiff normally has 90 days after the complaint is filed to serve a defendant.  This record shows that the Magistrate Judge patiently issued a series of show cause orders in a cooperative attempt to extend Plaintiff's deadline for service on the defendant.  The Court's efforts at accommodation were unavailing and met with resistance by Plaintiff.  The Magistrate Judge explained in his Report and Recommendation:

> … Plaintiff was ordered to provide an address for service on February 18, 2021. *See* Order [22]. As with prior orders, Plaintiff was warned that failure to provide an address for Defendant may result in dismissal. *Id.*
>
> On March 2, 2021, Plaintiff filed his Response [23] arguing that Defendant's previous employer should be directed to search his job application for potential contacts and that a warrant should be issued for Defendant. While plaintiffs proceeding pro se may rely on the U.S. Marshals for service, plaintiffs are still required to remedy service defects and effectuate service. *See Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987) ("While… incarcerated plaintiffs proceeding in forma pauperis may rely on service by the U.S. Marshals, a plaintiff may not

---

[1] Federal Rule of Civil Procedure 4(m) provides:

**(m) Time Limit for Service**. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).

2

> remain silent and do nothing to effectuate such service. At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which a plaintiff has knowledge."). To date, Plaintiff has not provided an address for the Court to serve process on Defendant and the last known address for him as provided by his former employer is no longer valid.

[ECF No. 31 at 3-4].

Plaintiff's failure to perfect service or provide the Court with an address where the defendant can be served for more than a year after he first filed his Complaint is reason enough to dismiss this case under Federal Rule of Procedure 4(m). However, Plaintiff's Rule 4 violation is not the only reason that this case warrants dismissal.  The record also shows that the Magistrate Judge issued a series of show cause orders that Plaintiff either ignored or answered in a nonresponsive manner. As the Magistrate Judge described: "[W]hile Plaintiff has responded to some of the Court's orders, he has not provided the Court with the pertinent information it needs in order to move this case forward. Instead, Plaintiff has elected to file motions for summary judgment and otherwise ignore the Court's directives.  ... This case exemplifies the type of dilatoriness and inaction that warrants Rule 41(b) dismissal."  [ECF No. 31 at 4-5].

The Court agrees with the Magistrate Judge that, in light of Plaintiff's failure to prosecute his case in accordance with

3

the Federal Rules of Civil Procedure and his failure to comply with multiple orders of the Court, the sanction of dismissal without prejudice under Rule 41(b)[2] is appropriate on this record.  Fed. R. Civ. P. 41(b); see, e.g., Link v. Wabash R.R. Co., 370 U.S. 626, 629-32 (1962) (a trial court has discretionary authority to dismiss an action sua sponte for the plaintiff's failure to prosecute, inaction, or dilatoriness).  Given the need for dismissal of this matter, Plaintiff's three pending motions for summary judgment will be denied as premature in accordance with the Magistrate Judge's recommendation.  [ECF. No. 31 at 5].

   Because this is a clear case for dismissal under Rules 4(m) and 41(b), the Court finds it unnecessary to address the potential three-strikes issue under 28 U.S.C. § 1915(g) that was addressed in the Report and Recommendation.  [ECF No. 31 at 1-3].  Nonetheless, the Court takes note of Plaintiff's lengthy

---

[2] Federal Rule of Civil Procedure 41(b) provides:

**(b) Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

history of repeat filings and is compelled to warn Plaintiff that repetitive, frivolous, malicious, and vexatious lawsuits will result in sanctions in this and other federal courts. Gelabert v. Lynaugh, 894 F.2d 746, 748 (5th Cir. 1990) (issuing caution to pro se prisoner "to think twice before cluttering our dockets with frivolous . . . litigation.").

Accordingly,

IT IS HEREBY ORDERED that the Magistrate Judge's Report and Recommendation [ECF No. 31] is ADOPTED in part as set forth in this ORDER; and

IT IS FURTHER ORDERED that the Plaintiff's Complaint [ECF No. 1] is DISMISSED WITHOUT PREJUDICE for failure to serve the defendant in compliance with Federal Rule of Civil Procedure 4(m) and pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with the Magistrate Judge's orders; and

IT IS FURTHER ORDERED that the pending Motions for Summary Judgment [ECF Nos. 16, 17 & 30] are DENIED WITHOUT PREJUDICE as premature.

SO ORDERED this the 26th day of August, 2021.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE